## BAUR V. BEALL ET AL.

1. SALE AND DELIVERY OF CHATTELS — STATUTE OF FRAUDS.— Where a merchant in failing circumstances transfers and delivers to a creditor, in liquidation of his claim, his entire stock in trade and fixtures, and an hour or two afterwards the latter appoints him his agent to sell the stock and close up the business, redelivering to him the possession for that purpose, whereupon the goods are attached at the suit of another creditor of the debtor, a jury is justified in finding that the sale was not accompanied by an immediate delivery and followed by an actual and continued possession, as required by section 14 of the statute of frauds (Gen. St. p. 509).

2. PARTICIPATION OF COURT IN EXAMINATION OF A PARTY TESTIFYING IN HIS OWN BEHALF.— Unless it be shown that a party testifying in his own behalf was actually prejudiced by the participation of the court in his direct and cross-examination, such fact cannot be relied on as error.

3. CONSTABLE'S SALE — ADMISSION OF THE RECORDS AND FILES OF THE JUSTICE'S COURT IN JUSTIFICATION.— The record of a proceeding in the court of a justice of the peace, which is properly authenticated and proved, is admissible in evidence, in an action against a constable, to show justification by establishing the judgment, and the awarding of the writs under which the constable acted, and under which he justified.

*Error to District Court of Arapahoe County.*

ACTION by Otto P. Baur against John Beall and J. A. Weir to recover a soda fountain and fixtures. General Statutes, page 509, section 14, provides that "every sale made by a vendor of goods and chattels in his possession, or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immedi- ate delivery, and be followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor or the creditors of the person making such assignment, or subsequent purchasers in good faith; and this presumption shall be conclusive."

Mr. S. SLESSINGER, for plaintiff in error.

REED, C. An action of replevin to recover one marble soda fountain and appurtenances belonging to the same. One Albert R. Baur, having been engaged in business at Colorado Springs as a confectioner, and being indebted to his brother, plaintiff in error, who resided in Denver, to secure such indebtedness executed a chattel mortgage to plaintiff in error. After having been in business some time, and being unsuccessful, he wrote plaintiff in error, informing him of his want of success; and plaintiff went down. An interview was had, and it was concluded best that A. R. Baur sell his stock and fixtures to plaintiff in error, in payment of his indebtedness, and quit the busi- ness. A bill of sale of the entire stock and fixtures was executed and delivered, and the key of the store — a rented building — was delivered to plaintiff, who, it ap- pears, carried it for an hour or two, then returned it to A. R. Baur, whom he made his agent to sell out the stock and fixtures and close up the business, which, according to the evidence, he proceeded to do. The entire thing being sold out, or in some manner disposed of, prior to December 18, 1883, except the articles in controversy in

this suit, they were stored by A. R. Baur in the cellar of the building formerly occupied by him, but then re-rented to another party.

A. R. Baur, being considerably indebted to defendant Weir for the rent of the building where the business had been carried on, Weir commenced suit before a justice of the peace, procured an attachment, and caused it to be levied upon the goods or chattels in suit, obtained judgment, and caused the goods to be sold under an execution. The other defendant, John Beall, was the constable who served the writs and made the sale. The suit was tried to a jury on February 11, 1886, resulting in a verdict for defendants, on which judgment was afterwards entered.

The facts in the case were very simple. There was no great conflict of testimony. The only question to be determined was whether the goods sold were immediately delivered, and there had been an actual and continued change of possession as required by statute. There are several errors assigned that may properly be consolidated into the following, for the purposes of this review: That the court participated to an unwarrantable extent in the examination of the plaintiff on his direct and cross-examination as a witness in his own behalf.

The record does show a great deal of active participation in the questioning, but this can hardly be relied upon as error unless it be shown that plaintiff was actually prejudiced by it. The circumstances may have rendered it necessary upon that trial — of which we have no means of judging — in order to arrive at the facts.

Next, it is assigned for error that the files and records of the proceeding in the court of the justice of the peace were improperly admitted in evidence. It appears that they were properly authenticated and properly proved, and, being so, were clearly admissible in justification, establishing the judgment, and the awarding of the writs

under which the constable acted, and under which he justified.

The other assignments necessary to be noticed were the refusal of the court to instruct the jury as prayed by the plaintiff, and the instruction given to the jury on his own motion. The first instruction prayed by the counsel of plaintiff was correct, and was substantially given in the second paragraph of the charge by the court. The remaining instructions prayed were incorrect, and very properly refused. The charge given to the jury, taken as a whole, fairly states the law, and cannot be considered erroneous.

The principal question was one of fact. It was fairly submitted to the jury, who found that the sale of the chattels in controversy was not accompanied by immediate delivery, and followed by an actual and continued possession, as required by section 14 of the statute of frauds. Gen. St. p. 509. The jury was warranted in so finding from the evidence. The necessity of clear, unequivocal and unmistakable change of possession, and retention of such possession by the vendee, has been properly, fully and clearly asserted by this court. *Cook v. Mann,* 6 Colo. 21; *Wilcox v. Jackson,* 7 Colo. 521; *Herr v. Mercantile Co.* 13 Colo. 406. The judgment should be affirmed.

PATTISON and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*