[No. 117-40730-1.   Division One.   March 9, 1970.]
Panel 2

WILLIAM BRYANT, *Respondent,* v. THE CONTINENTAL INSUR-
ANCE COMPANY *et al., Appellants,* AFTON L. KING *et al.,
Respondents.*

*Karr, Tuttle, Campbell, Koch & Campbell, F. Lee Camp-
bell,* and *Llewellyn G. Pritchard,* for appellants.

*Murray, Dunham & Waitt* and *Robert K. Waitt,* for re-
spondent Bryant.

UTTER, J.—Someone broke into a hanger where William
Bryant kept his airplane and put grease in the gas tank of
the plane. The grease mixed with the fuel and eventually
entered the fuel line while the plane was in flight, causing
engine failure. A forced landing followed and damage to
the plane ensued.

Bryant had obtained an insurance policy for his airplane
with the Continental Insurance Company and Associated
Aviation Underwriters, hereafter referred to as Continen-
tal. The policy provided coverage for all risks when his
aircraft was "not in flight."

The trial court ruled as a matter of law that the loss was
covered by the express wording of the policy inasmuch as
the damage was a natural and probable consequence of

vandalism which had occurred while the aircraft was on the ground. Continental appeals.

The policy provides coverage for:

"G. all risks of physical loss of or damage to the aircraft sustained while the aircraft is not in flight and not the result of fire or explosion following crash or collision while the aircraft was in flight;"

"Flight" is defined by the policy to mean:

the time commencing with the actual take-off run of the aircraft and continuing thereafter until it has completed its landing run."

Continental urges inasmuch as the damage to the aircraft was not experienced when the grease was placed in the gas tank, but rather during "flight" of the aircraft, there is no coverage.

■■ The use of the term "all risks" ordinarily covers every loss that may happen, except by fraudulent acts of the insured, and is not given a restrictive meaning. *Miller v. Boston Ins. Co.*, 218 A.2d 275, 420 Pa. 566 (1966) and *Fidelity Southern Fire Ins. Co. v. Crow*, 390 S.W.2d 788 (Tex. 1965). The risk of loss was sustained on the ground at the time the grease was placed in the fuel tank; the act of vandalism was a peril peculiar to an aircraft while on the ground, not in flight. The court in *Dillard v. Continental Ins. Co.*, 130 So. 2d 489 (La. 1961), held in construing a similar policy coverage the time of origin of the chain of causation was a critical factor. Here there is no question that the origin of the event which started the chain of causation occurred while the plane was on the ground. For this reason the cases cited by Continental are inapplicable.

The judgment of the trial court is affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.