526 P.2d 153 (1974)
Edna JONES, Plaintiff-Appellee,
v.
Durward ADKINS, Defendant, and
National Plumbing Company, Defendant-Appellant.
No. 73-161.
Colorado Court of Appeals, Div. I.
July 2, 1974.
Rehearing Denied July 23, 1974.
Certiorari Denied September 23, 1974.
Bradley, Campbell & Carney, Golden, Haney, Howbert & Akers, Roger D. Hunt, Colorado Springs, for plaintiff-appellee.
*154 Graber & Graber, George M. Graber, Arvada, for defendant-appellant.
Selected for Official Publication.
SMITH, Judge.
On October 16, 1967, the plaintiff-appellee was injured in an automobile collision with a pickup truck owned by Herschel Sechrist and Leonard L. Priest (buyers). The truck had been purchased from the defendant-appellant, National Plumbing Company, by the buyers under a contract and note. The plaintiff brought a separate negligence action against buyers and was awarded a judgment of $36,000. Thereafter, in exchange for a covenant not to execute on that judgment, buyers assigned the contract and note to the plaintiff.
In the instant action, plaintiff as assignee of buyers, sued defendants on the contract, alleging that defendants had breached the contract by not providing liability insurance on the truck to protect buyers and, by virtue of the assignment, the plaintiff. Durward Adkins was dismissed as an individual defendant, but the trial court found that there was a breach of contract on the part of defendant National Plumbing Company in failing to provide liability insurance for buyers and that plaintiff had a valid assignment of the contract. Thereupon, the court entered judgment against defendant company for $39,290.68. This amount included the value of the truck and the $36,000 awarded in the prior judgment. From this judgment, National Plumbing Company has appealed. We affirm.
Durward Adkins is the president, member of the board of directors, and principal stockholder in National Plumbing Company. At all times material here, the truck was registered to Durward Adkins, but in fact, was owned by the defendant company. Buyers had previously worked for the defendant company and purchased the used truck pursuant to entering business for themselves. The defendant company owned a fleet of trucks, all of which were covered by a fleet policy of liability and collision insurance. Defendant company periodically purchased and sold these trucks which were automatically added to or deleted from the coverage under the fleet policy. The premiums were adjusted accordingly at the end of the year. Because the defendant company had sold this particular truck to buyers, it was not covered under the fleet policy at the time of the accident.
The defendant company charged buyers $13.00 per month for insurance pursuant to this clause in the contract of sale:
"Leonard L. Priest and Herschel Sechrist also promise to pay $13.00 per month for insurance payable to National Plumbing Company on the above truck."
Testimony of Adkins was that he chose this figure because he saw it on a public sign advertising insurance and believed that this amount would be a fair price. The evidence disclosed that this amount approximated, pro rata, the cost of both liability and collision coverage for this truck under the fleet policy. Plaintiff's expert witness testified that $13.00 per month would be approximately the amount necessary to provide both liability and collision insurance on a commercial vehicle under similar circumstances. Adkins testified that he intended this amount to cover only collision insurance because such coverage would be adequate to protect his bank's mortgage interest in the truck. The buyers testified that they believed this amount would include both liability and collision insurance.
The crucial issue presented in the instant case is whether the use of the word "insurance" in the contract of sale between defendant and buyers was intended by the contracting parties to include within its meaning liability insurance.
The trial court found that, when viewed in light of all the facts and circumstances, the parties intended the word "insurance" to include liability coverage. In a trial to the court, credibility of witnesses, sufficiency, probative effect and weight of all the evidence and inferences and conclusions to be drawn therefrom are within the province of the trial court whose conclusions *155 will not be disturbed unless so clearly erroneous as to find no support in the record. Rutherford v. Scarborough, 28 Colo.App. 352, 472 P.2d 721. Here, there was ample evidence in the record to support the trial court's finding.
It is uncontroverted that defendant collected $13.00 per month and did not secure any insurance in addition to his fleet policy. This fleet policy afforded liability and collision insurance on all of defendant company's vehicles, including, prior to the sale, this particular truck. Defendant company did not notify the fleet carrier to change coverage to collision only on this truck or secure collision insurance elsewhere. Thus, the logical assumption becomes that Adkins, acting for defendant company, intended and believed that the fleet policy continued to cover this truck. It is also logical to assume that an experienced corporate executive, in order to prevent possible secondary liability would attempt to continue to carry liability insurance on a truck upon which title had not been transferred.
The defendant company urges that it was, in effect, an indispensable party to the prior negligence action between plaintiff and buyers. Thus, it argues that the insurance question should have been presented in the prior action and that, therefore, the doctrine of res judicata bars litigation on that issue in the instant suit. This argument is without merit because, while National Plumbing Company might have been joined by the original defendants as a third-party defendant or might have intervened upon its own behalf it was not an indispensable party under our rule. C.R.C.P. 19; and see Game and Fish Commission v. Feast, 157 Colo. 303, 402 P.2d 169.
The defendant company also urges that because buyers were in arrears in payments on the truck at the time of the accident, they were in default of the contract. The evidence, however, did not indicate that any of the parties considered this arrearage, which was later paid and accepted by the defendant, a material breach of the contract constituting a default. Even assuming, arguendo, that buyers' non-payment was a breach, it was waived by defendant company's later acceptance of payment and failure to declare the contract in default. See Dreier v. Sherwood, 77 Colo. 539, 238 P. 38.
The defendant company argues that the court erred as a matter of law in determining that the measure of damages was the amount of the prior judgment rather than the value of the vehicle. Plaintiff, however, sued on the contract, and the court, having determined that the term "insurance" was intended by the parties to include liability coverage, properly measured damages consistent with what should have been provided under the insurance clause in the contract.
We find the last contention of the defendant that the court erred in admitting the testimony of plaintiff's insurance expert to be without merit.
Judgment affirmed.
PIERCE and RULAND, JJ., concur.