535 P.2d 1135 (1975)
Robert J. MASSARO, Petitioner-Appellant,
v.
Joseph F. DOLAN, Executive Director, Department of Revenue, State of Colorado, and Motor Vehicle Division, State of Colorado, Respondents-Appellees.
No. 74-265.
Colorado Court of Appeals, Div. III.
May 20, 1975.
*1136 Geer, Goodwin & Chesler, P.C., David McCarl, Denver, for petitioner-appellant.
John D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Arthur G. Staliwe, Special Asst. Atty. Gen., Denver, for respondents-appellees.
Not Selected for Official Publication.
STERNBERG, Judge.
Petitioner Massaro was arrested on suspicion of operating a motor vehicle while under the influence of alcohol. His driver's license was revoked by the Motor Vehicle Division of the Department of Revenue for refusal to take a chemical test as prescribed by § 42-4-1202(3)(a), C.R.S. 1973 (1971 Perm.Supp., C.R.S.1963, 13-5-30(3)(a)). The revocation order was affirmed on appeal to the district court. We affirm that judgment.
A police officer stopped Massaro's car because of the manner in which it was being driven. He suspected that Massaro, the driver, was under the influence of alcohol and, therefore, read him an implied consent advisement form. The officer gave him a copy of the form to sign, which he did. That form contained, among other things, an enumeration of the types of chemical tests which could be given, a statement that Massaro could demand a blood test, and a statement that his license could be suspended for six months if he refused to take any of the tests. The officer then requested that Massaro take a breathalyzer test which he refused to do. He did, however, perform visual sobriety tests such as walking a line. When Massaro declined to take any chemical tests, these proceedings to suspend his license were commenced.
Massaro's first contention is that he was not fully and properly advised of his rights under the statute. His attack is not addressed to the adequacy of the advisement form itself, but rather to the failure of the police officer to take additional steps to insure that he understood the contends of the form.
We do not find this argument compelling. The moment we add a requirement to the statute that the arresting officer make a verbal explanation and interpretation of the rights of an arrested person under the implied consent law, others will contend that the officer's explanation served to obfuscate rather than elucidate. Absent a showing that petitioner told the officer that he did not understand the advisement form as read to him and that he asked for an explanation, there is no requirement that the officer make any further verbal comment concerning petitioner's rights under the statute.
*1137 The record in this case contains evidence from which the hearing officer could conclude, as he did, that the requirements of the statute were met. See Cantrell v. Weed, Colo.App., 530 P.2d 986; cf. Vigil v. Motor Vehicle Decision of the Department of Revenue, Colo., 519 P.2d 332. The advisement form was read to Massaro, and the officer testified that he gave him a copy of it. While Massaro denied receiving the form, the hearing officer's finding of compliance with the statute, being based on conflicting evidence, is binding on review. See Jones v. Adkins, Colo.App., 526 P.2d 153.
Massaro next urges that the officer did not have probable cause to request him to submit to a chemical test. Massaro was observed by the officer leaving a parking lot in an automobile, and, as testified to by the officer, "accelerating at a high rate of speed." When the officer stopped the car and Massaro got out, the officer observed the odor of alcohol on his breath, and, therefore, placed him under arrest. The officer wrote on the implied consent advisement form the grounds which he believed he had for requesting chemical tests as being "driving carelessly, strong odor of alcoholic beverage on your breath, slurred speech, [and] bloodshot eyes."
While the manner in which the vehicle was being operated was not as strong a basis for stopping the car as were the facts justifying such action in Stream v. Heckers, Colo., 519 P.2d 336, nevertheless, we hold that the officer's uncontradicted testimony that the vehicle was being operated in a careless manner justified his stopping the car in this case. Therefore, Massaro's driving plus the odor of alcohol, slurred speech, and bloodshot eyes taken together justify the arrest and subsequent request to take a chemical test. See Thorp v. Department of Motor Vehicles, 4 Or.App. 552, 480 P.2d 716.
Massaro's final contention is that the police officer was allowed to use the advisement form to refresh his recollection without a proper foundation for such use. This contention is not supported by the record.
Judgment affirmed.
RULAND and VanCISE, JJ., concur.