325 So.2d 588 (1976)
CITY OF BATON ROUGE
v.
Wilford MITCHELL.
No. 56666.
Supreme Court of Louisiana.
January 19, 1976.
*589 P. Raymond Lamonica, Supervising Atty., LSU Clinical Legal Education Program, Baton Rouge, S. Joseph Liberto, J. Terry Ryder, Legal Interns, for plaintiff-relator.
Joseph A. Perrault, Jr., Michael J. Uter, Baton Rouge, for defendant-respondent.
DIXON, Justice.
We granted writs in this case to review a ruling by the Baton Rouge City Court that a police officer cannot administer a Photo-Electric Intoximeter (PEI) Test to a motorist he suspects is under the influence of alcohol, unless he first issues a citation (or arrests him) for another, distinct driving offense.
On May 26, 1974 Officer Daniel Cosse of the Baton Rouge City Police observed a vehicle, driven by Wilford Mitchell, enter an intersection after the traffic signal had changed from amber to red. The vehicle came to an abrupt stop approximately one-fourth to one-half way into the intersection. Officer Cosse, after the light turned green, pulled the Mitchell vehicle over to the side of the road to investigate.
Officer Cosse asked the defendant whether he had seen the light change to red, and when Mitchell had trouble understanding his question, he asked to see his driver's license. Mitchell had trouble understanding this request. At the time, Mitchell's speech was slurred and difficult to understand, Cosse testified. Additionally, there was an odor of alcohol on the defendant's breath. Officer Cosse then asked the defendant if he would submit to a PEI test, which he did. After the test, Mitchell was cited for driving while intoxicated, in violation of R.S. 14:98. No citation other than that was issued.
At trial the State attempted to introduce into evidence the results of the PEI test. The trial judge sustained the defendant's objection, on the grounds that a proper foundation had not been laid for the administering of the test. It was the trial judge's opinion that there must be an arrest for a traffic violation other than driving while intoxicated as a prerequisite for administering the test. We cannot agree.
R.S. 32:661(A) provides:
"Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of R.S. 32:662, to a chemical test or tests of his blood, breath, urine or other bodily substance for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of *590 acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered."
The language dispositive of the defendant's contention in the instant case is "if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages." (Emphasis added).
R.S. 14:98(A) provides:
"Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates."
C.Cr.P. 201 defines arrest:
"Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him."
It is clear to us that the defendant, after Officer Cosse heard his slurred speech and smelled alcohol on his breath, was placed under arrest, within the meaning of C.Cr.P. 201, for the offense of driving while intoxicated. Thereafter, the PEI test was given, pursuant to R.S. 32:661(A).
However, it is crucial that for Officer Cosse to arrest the defendant for the offense of driving while intoxicated before the PEI test is administered, he must have had probable cause, independent of the PEI test result, to arrest for a violation of R.S. 14:98. Since the trial of the defendant has not yet been completed, such a determination need not be made at this time.
It is important to recognize that R.S. 32:661 et seq. function as rules of evidence, not as substantive criminal laws. In State v. Jones, 316 So.2d 100, 103 (La.1975), we stated:
". . . bearing in mind that the results obtained by use of these methods determine whether the presumptions contained in La.R.S. 32:662 come into play, and thus relieve the State of the burden of otherwise proving legal intoxication. . . ."
Again, in State v. Jones, supra, at 103, we noted:
". . . test results establishing legal intoxication dispense with the State's obligation to affirmatively meet its burden of proving the `intoxication' element of the crime beyond a reasonable doubt. . . ."
While this court has not yet faced the issue now squarely presented, courts in other jurisdictions, with statutes similar to R.S. 32:661 et seq., have treated this issue.
In Bowlin v. State, 330 N.E.2d 353 (Ind.App.1975), the Indiana court held that an officer could arrest a person for driving while intoxicated, before administering any tests, if he had probable cause to believe the driver was under the influence of alcohol. The court stated, at 355:
"Here the facts known to and observed by the officer were sufficient for a prudent man to believe that Bowlin had been driving under the influence. Whether the evidence obtainable would ultimately support a conviction was not the issue. There was probable cause."
*591 In Massaro v. Dolan, 535 P.2d 1136 (Colo.App.1975), the Colorado court held that an officer, with probable cause to arrest a suspect driver for driving while intoxicated, could do so, and then request the driver to submit to chemical tests. In the Massaro case the court stated that Massaro's manner of driving, along with his slurred speech, bloodshot eyes and odor of alcohol, taken together, justified the arrest and subsequent request to take the chemical tests.
The purpose of the PEI and similar tests is to provide a standard for the determination of intoxication, based on established medical criteria. Thus, the presumption of intoxication established in R.S. 32:662(c) relieves the State of proving by other, presumably less reliable, evidence, that the defendant was in fact intoxicated. It would be inconsistent with the purpose of the tests to hold, as the trial court did, that an arrest or citation for an offense other than driving while intoxicated is a prerequisite for the administering of the test.
Accordingly, the ruling of the trial court is reversed, and the case is remanded for trial.