The **PEOPLE** of the State of Colorado,
Petitioner-Appellee,

In the Interest of Lucille Ramona AR-CHULETA, Respondent-Appellant.

No. 82CA0020.

Colorado Court of Appeals,
Div. II.

Sept. 30, 1982.

The patient has been certified as an involuntary mental patient at the Colorado State Hospital continuously since November 14, 1980, and was from time to time a patient there prior to 1980. After two short-term, three month care and treatment periods, she was certified, and long-term care and treatment was ordered, for a six-month period expiring on November 14, 1981.

Within the 30-day period prior to the expiration date, the attending psychiatrist filed a certification for extension of long-term care and treatment. The matter was tried to the court within that time. After taking the testimony of the psychiatrist and the patient, the court found that the patient was mentally ill and, as a result of mental illness, was gravely disabled and in need of extended long-term care and treatment. Accordingly, the period for care and treatment was extended to May 14, 1982.[1]

## I.

On appeal, the patient contends first that she was prevented from having a fair trial because the judge questioned her after the parties had concluded their examination of her. We do not agree.

Consideration of this alleged error is precluded because there was no contemporaneous objection made. *City and County of Denver v. Hinsey,* 177 Colo. 178, 493 P.2d 348 (1972). Moreover, Colorado Rules of Evidence 614(b), which applies to both civil and criminal cases, specifically allows a court to interrogate witnesses. Also, there was no showing that the patient was prejudiced by this questioning. *See Baur v. Beall,* 14 Colo. 383, 23 P. 345 (1890). The questions pertained to the patient's income and her plans for independent living. The patient's counsel in his brief admits that "the questioning brought forth little relevant information."

Nicholas A. Gradisar, Asst. Pueblo County Atty., Pueblo, for petitioner-appellee.

Pueblo County Legal Services, Inc., George E. Smith, Pueblo, for respondent-appellant.

VAN CISE, Judge.

Respondent, Lucille Ramona Archuleta (the patient), appeals an order extending her previously ordered long-term care and treatment pursuant to § 27–10–109, C.R.S. 1973 (1981 Cum.Supp.). We affirm.

1. We note that the period of extension has already expired. However, as stated in *Goedecke v. State,* 198 Colo. 407, 603 P.2d 123 (1979), in footnote 5, "the dispute which gave rise to this appeal is one 'capable of repetition, yet evading review,' and therefore the case is not moot."

## II.

The patient next contends that the evidence was insufficient to support the extension order. We disagree.

That the patient is mentally ill is essentially undisputed. The finding that she is gravely disabled was supported by evidence showing that she was unable to take care of her basic personal needs, that she was making irrational or grossly irresponsible decisions concerning her person, and that she lacks the capacity to understand this is so. Therefore, these findings will not be disturbed on review. *Jones v. Adkins,* 34 Colo. App. 196, 526 P.2d 153 (1974).

## III.

Her final contention is that the court's order extending the long-term care and treatment until May 14, 1982, exceeded its statutory authority since the hearing was held on, and the extension order was entered as of, October 26, 1981. She argues that the order could only be for a period of six months from the effective date of the order.

Section 27–10–109(5), C.R.S.1973 (1981 Cum.Supp.) requires that the request be made and the hearing on the extension be held "prior to the expiration date of the order in force." Then, if the necessary findings are made, the court shall "issue an extension of the order." The plain meaning of these words is that the period of extension is to run from the date the previous order expires. The extension order properly runs until May 14, 1982, a period of six months from the previous expiration date of November 14, 1981.

Order affirmed.

SMITH and STERNBERG, JJ., concur.