PONDER, Judge.
This application for review was remanded to us “for reconsideration by a panel of three judges, particularly on the issue of probable cause,” citing City of Baton Rouge v. Mitchell, 325 So.2d 588 (La.1976).
We have considered and adhere to our prior decision that there was no error.
Defendant, charged with driving while intoxicated, filed a motion to suppress all evidence against him. When the motion was denied he entered a plea of nolo con-tendere reserving his right to contest the ruling on his motion to suppress.
Defendant was involved in an accident without fault on his part. The investigating state police trooper testified that acting on standard procedure used when there was a fatal accident, he advised plaintiff of his rights and obtained his consent for a blood test, which showed a 0.12% content. The defendant testified he was rendered unconscious and does not remember giving his consent to the blood test. The trial court indicated it believed the trooper’s version and therefore found consent. A voluntary consent renders a search and seizure constitutionally valid. State v. Montgomery, 432 So.2d 340 (La.App. 1st Cir.1983). A trial court’s decision on the validity of consent is entitled to great weight when it turns upon a question of credibility of witnesses. State v. Patterson, 432 So.2d 1021 (La.App. 1st Cir.1983).
Because this case involves actual consent, which the trial court found and we have affirmed, it is unnecessary to apply the tests of reasonable grounds of La.R.S. 32:661(A) discussed in City of Baton Rouge v. Mitchell, supra.
The other grounds urged by defendant were not urged at the trial level or were not relevant at a motion to suppress. See State v. Tanner, 432 So.2d 1186 (La.App. 3d Cir.1983).
For these reasons, we find no error.
WRIT DENIED.