**STEAMBOAT DEVELOPMENT COR-PORATION, a Colorado corporation, Plaintiff-Appellant,**

v.

**BACJAC INDUSTRIES, INC., a Colorado corporation, formerly known as Faithorn of Colorado, Inc., Defendant-Appellee.**

**No. 84CA0162.**

Colorado Court of Appeals,
Div. II.

March 7, 1985.

Rehearing Denied March 28, 1985.

Greengard & Senter, James E. Goldfarb, Edgar R. Nield, Denver, for plaintiff-appellant.

The Law Firm of Mike Hilgers, Mike Hilgers, Jeffery M. Grass, Arvada, for defendant-appellee.

VAN CISE, Judge.

Plaintiff, Steamboat Development Corporation (the owner), appeals a summary judgment dismissing its breach of contract action against Bacjac Industries, Inc. (the contractor). We affirm.

The parties entered into a contract for the construction of Shadow Run Condominiums. Subsequently, during the process of construction, a fire destroyed a substantial portion of the Shadow Run project. The fire originated in an enclosed room where a propane-fired heater was in operation.

The owner brought this action, claiming that the negligence of the contractor caused the fire which destroyed the project. Summary judgment was entered on the grounds that the construction contract precluded the owner's claim and that the owner had breached the contract.

The owner claims that the contract does not preclude its claims for recovery. We disagree.

The contract provides, in pertinent part: "11.3.1  Unless otherwise provided, the owner shall purchase and maintain property insurance upon the entire work at the site to the full insurable value thereof.  This insurance shall include the interest of the owner, the contractor ... and shall insure against the perils of fire and extended coverage and shall include 'all risk' insurance for physical loss or damage....  If the owner does not intend to purchase such insurance for the full insurable value of the entire work, he shall inform the contractor in writing prior to commencement of the work. The contractor may then effect insurance which will protect the interest of himself....  If the contractor is damaged by failure of the owner to produce or maintain such insurance and to so notify the contractor, then the owner shall bear all reasonable costs properly attributable thereto.

. . . .

"11.3.6  The owner and contractor waive all rights against 1) each other ... for damages caused by fire or other perils to the extent covered by insurance obtained pursuant to this paragraph 11.3...."

The contract also contains a typewritten paragraph that the contractor would not carry builder's risk insurance.

It is undisputed that the owner failed to procure insurance in the interest of the contractor as called for in paragraph 11.3.1 and that the owner did not notify the contractor of this failure.

■ Paragraph 11.3.1 requires the owner to provide "all risk" insurance for "physical loss or damage" from "the perils of fire" covering the interests of both the owner and the contractor.  The purpose of such insurance is to shift the risk of loss away from the contractor and the owner and to place it upon an insurer.  *See South Tippecanoe School Building v. Schambaugh & Son, Inc.*, 182 Ind.App. 350, 395 N.E.2d 320 (1979).  An "all risk" policy is a special type of coverage extending to risks not usually covered under other insurance, and recovery is allowed thereunder for all losses, other than those resulting from a willful or fraudulent act of the insured, unless the policy contains a specific provision expressly excluding a particular loss from coverage.  *Miller v. Boston Insurance Co.*, 420 Pa. 566, 218 A.2d 275 (1966); *Bryant v. Continental Insurance Co.*, 2 Wash.App. 37, 466 P.2d 201 (1970).  *See also* 13A G. Couch, *Cyclopedia of Insurance Law* § 48:141 (R. Anderson 2d Ed. 1967).  Therefore, this paragraph is applicable to losses caused by fire from any of the claims of the owner against the contractor in this action.

■ The owner breached the contract by failing to obtain all risk insurance in the interest of the contractor.  The contract provides that, if the contractor is damaged by such failure, "the owner shall bear all reasonable costs properly attributable thereto."  Thus, the owner in effect became the insurer of the contractor and was liable to it for its losses to the same extent as an insurance carrier would have been liable had insurance been obtained.  *See Jones v. Adkins*, 34 Colo.App. 196, 526 P.2d 153 (1974).

The contractor's losses here included the liability to the owner which would have been covered by insurance. *Jones v. Adkins, supra.*  Furthermore, pursuant to paragraph 11.3.6, the owner waived all

rights against the contractor for damages caused by fire "to the extent covered by insurance," which includes the coverage provided in effect by the owner as the insurer of the contractor.

We agree with the trial court that under the parties' contract there was no genuine issue of material fact and that summary judgment was properly entered as a matter of law. *See Backus v. Apishapa Land & Cattle Co.*, 44 Colo. 59, 615 P.2d 42 (1980). The contract here clearly mirrors the parties' intent to provide mutual exculpation from losses caused by fire and their agreement to look solely to insurance in the event of fire loss and not to recovery from the other party. *See General Cigar Co. v. Lancaster Leaf Tobacco Co.*, 323 F.Supp. 931 (D.Md.1971).

Judgment affirmed.

BERMAN and KELLY, JJ., concur.