[No. 7490-1-III.   Division Three.   May 5, 1987.]

DALE M. FOREMAN, ET AL, *Appellants,* v. HOLLAND
AMERICA INSURANCE COMPANY, *Respondent.*

*Dale M. Foreman*, pro se, *Brian E. Nelson, Jardine, Foreman & Appel, Scott M. Kane,* and *Lacy, Kane & Richardson,* for appellants.

*Mark N. Thorsrud* and *Tewell, Thorpe & Findlay,* for respondent.

GREEN, J.—In August 1983 Keystone Ranch, a partnership, contacted the R. S. Meenach Agency in Wenatchee to obtain insurance for the warehouse storage of harvested fruit. Meenach submitted Keystone's request to LaBow Haynes Company, its parent company, who obtained on Keystone's behalf a Holland America Insurance Company policy. This policy was obtained through Holland America's authorized agent, Sayre & Toso, Inc.

On August 9, 1983 Sayre & Toso transmitted a binder through the Meenach agency to Keystone. The binder stated that temporary insurance had been procured from Holland America with a loss limit of $350,000 for the period beginning August 4, 1983, and ending September 3, 1983. The insurance classification was "All risk, excluding earthquake and flood, on stock of fruit and supplies" and the coverage was subject to "the conditions and terms of the policies and forms now in use by the Insurers."

After receipt of this binder and during the period covered by it, but before Holland America issued its formal policy,

the refrigerated warehouse in which the harvested fruit was stored developed a leak in its cold storage system. As a result of fluctuation in temperatures, the fruit prematurely ripened. Keystone's buyers rejected the fruit resulting in substantial damages to Keystone. The Holland America policy, which excluded coverage for refrigeration interruption losses, was mailed to Keystone on September 15. Based on this exclusion, Holland America denied Keystone's insurance claim.

Keystone commenced this declaratory action to determine the coverage available to it under Holland America's binder and formal policy. Keystone contends it initially requested the Meenach agency to obtain full coverage on the fruit stored in the warehouse and this request included refrigeration interruption coverage. Meenach, however, claims Keystone requested only fire insurance coverage. In granting Holland America's motion for summary judgment, the trial court reasoned that since Meenach and LaBow Haynes had requested fire insurance coverage from Sayre & Toso, Holland America's agent, Keystone was bound by Meenach and LaBow Haynes' acts and the coverage they ordered. Accordingly, the court reformed the binder to exclude refrigeration interruption coverage and dismissed Keystone's complaint.[1] Keystone appeals.

Keystone contends the court erred in granting summary judgment because (1) an ambiguity exists between the binder and the policy which should be resolved against Holland America, and (2) issues of fact exist as to whether Meenach and LaBow Haynes were the agents of Keystone or the agents of Holland America. We reverse, finding it unnecessary to reach these issues.

Neither party disputes that the Holland America binder was in effect at the time Keystone suffered its loss. That binder expressly covered "[a]ll risks . . ." on Keystone's storage of fruit and supplies. The binder only excluded

---

[1] We note Keystone also brought an action against the Meenach agency and its parent company, LaBow Haynes. That action was settled and dismissed.

risks of earthquake and flood damage. The use of the term "all risk" ordinarily covers every loss that may happen, except by fraudulent acts of the insured, and is not given a restrictive meaning. *Bryant v. Continental Ins. Co.,* 2 Wn. App. 37, 466 P.2d 201 (1970). Thus, the Holland America binder covered refrigeration interruption loss.

A binder is used to bind insurance temporarily until a formal policy is issued. RCW 48.18.230. Upon the subsequent issuance of the policy, the binder is no longer effective and the policy governs the scope of the coverage. *Orsi v. Aetna Ins. Co.,* 41 Wn. App. 233, 242, 703 P.2d 1053 (1985).

We hold the effectiveness of Holland America's binder hinges upon what insurance coverage Keystone initially requested from Meenach. Since this question is in dispute, a material issue of fact exists, precluding summary judgment. Consequently, we reverse and remand for the purpose of determining what coverage was initially ordered by Keystone.

If the court finds Keystone ordered all risk refrigeration interruption insurance on the fruit in storage, then Keystone was entitled to rely on the binder issued to it and, within the limits of the policy, Holland America is liable for the loss. Clearly, had it not been for Holland America's issuance of the "all risk" binder, Keystone would have been made aware of the lesser coverage and could have, at such time, prior to the loss, taken corrective steps. Thus, the binder would have misled Keystone to its detriment.

On the other hand, should the court determine Keystone ordered only fire insurance, as Meenach contends, then Keystone had no right to rely on the binder and Holland America is not liable. For then Keystone would have been immediately aware that Holland America's binder extended greater coverage than it had requested and Holland America's all risk binder should not result in a windfall to Keystone. In this event, the binder should be reformed to express the limited coverage requested by Keystone.

600

Reversed and remanded.

McINTURFF, C.J., and MUNSON, J., concur.