KNOLL, Judge.
Defendant, Michael T. Janise, was charged by bill of information with driving while intoxicated, a violation of LSA-R.S. 14:98. At trial on the merits the trial judge ruled that the arresting officer did not have probable cause to request defendant to perform field sobriety or breath tests, and accordingly found the rights’ form defendant signed regarding an intoxilyzer test inadmissible. At this point the trial proceeding was halted, pending the State’s application to us for a writ of certiorari to review the trial court’s evidentiary ruling. We reverse.
FACTS
On the night of July 21, 1987, Corey Huff was parked in Jefferson Davis Parish at a public park with his car door open. At that time a pickup truck struck the open door. After first driving away, the driver of the pickup returned and a discussion ensued between Huff and defendant concerning the damage to the door. Huff, who thought defendant was rude and intimidating, recorded the license plate of the truck as it stopped in the middle of the road. Huff then proceeded to the Jefferson Davis Sheriff’s Office to lodge a complaint. Huff related the incident to Deputy *246 Gabriel Woods, and together they went to the parking lot to inspect Huffs vehicle. As they were in the parking lot, a truck, identified as the one in the accident, entered the parking lot through an exit ramp and parked across the designated parking lanes about 40 feet from Huffs vehicle. Defendant exited the truck, walked toward Deputy Woods, and admitted that he was the individual who struck Huffs vehicle. At trial Deputy Woods testified that he observed defendant swaying as he walked, and described him as being unsteady on his feet and that he smelled a strong odor of alcohol on defendant’s breath. Defendant offered to compensate Huff for the damage to his vehicle but was told by Huff that he would prefer to have the insurance company handle the matter. Defendant then became uncooperative, angry and raised his voice.
Suspecting defendant was under the influence of alcoholic beverages, Deputy Woods, who was standing with defendant and Huff just outside the Sheriffs Office, advised defendant of his Miranda rights and asked him to perform field sobriety tests. Defendant refused.
Next, Deputy Woods escorted defendant into the Sheriffs Office, again read him his Miranda rights, had him sign a form entitled “Rights As They Relate to Chemical Test”, and offered the defendant a breath test. Defendant refused.
Defendant was then arrested and charged with driving while intoxicated. At defendant’s trial, Deputy Woods related the events surrounding defendant’s arrest to the trial court, and during his testimony the State offered into evidence the rights’ form regarding the breath test to lay a foundation for the introduction of evidence that the defendant refused to take the breath test. Defendant objected to the introduction of the rights’ form, and the trial court sustained defendant’s objection, on the grounds that Deputy Woods did not have probable cause to ask defendant to submit to an intoxilyzer breath test.
PROBABLE CAUSE
The State argues that the trial judge erred in excluding evidence relating to the breath test offered to defendant, and contends: (1) Deputy Woods had reasonable suspicion to suspect defendant had committed the offense of driving while intoxicated; and, (2) from Deputy Woods’ personal observations, the suspicion ripened into probable cause to arrest when defendant refused to submit to field sobriety tests and a breath test. We agree.
To temporarily detain an individual for investigation, a police officer must have reasonable suspicion that the person is committing, has committed, or is about to commit a crime. LSA-C.Cr.P. Art. 215.1. Reasonable suspicion is something less than probable cause and is determined by whether the officer has sufficient knowledge of facts or circumstances to justify a limited infringement on the individual’s right to be free from governmental interference. State v. Sims, 426 So.2d 148 (La.1983). Not all police-citizen contact involves a seizure requiring justification. An individual is “seized” when a police officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen. Id. at 152.
In the case sub judice, the initial contact between Deputy Woods and defendant was not initiated by the officer. Rather, defendant voluntarily entered the parking lot to discuss the incident with Huff, and admitted to Deputy Woods that he was the one who struck Huff’s vehicle. Defendant’s liberty was initially restrained only when Deputy Woods determined to investigate the possibility that defendant might be intoxicated. Therefore, the State need not justify the initial contact with defendant.
To administer a breath test pursuant to LSA-R.S. 32:661, the officer must have probable cause to arrest the defendant for driving while intoxicated; whether the evidence would ultimately support a conviction for DWI is not the issue. City of Baton Rouge v. Mitchell, 325 So.2d 588 (La.1976). If an arrest is made without probable cause, any evidence seized subsequent to the arrest is inadmissible as evidence. Arrest occurs when circumstances indicate an intent to effect an extended *247 restraint on the liberty of the accused, rather than at the precise time an officer tells an accused he is under arrest. State v. Freeman, 503 So.2d 753 (La.App. 3rd Cir.1987). Probable cause to arrest exists when the facts and circumstances within an officer’s knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a man of average caution in the belief that the accused has committed an offense. State v. Elliot, 407 So.2d 659 (La.1981).
In the present case, when Deputy Woods requested that defendant submit to field sobriety tests, he had knowledge of the following facts: defendant had admitted involvement in a traffic accident; defendant had been rude and intimidated the individual whose vehicle he damaged; defendant parked his vehicle across the parking lanes at the Sheriffs Office; defendant was swaying and unsteady on his feet when walking; his eyes were red and droopy; and, when defendant was discussing the incident, a strong odor of alcohol was detectable on his breath. Based on these facts, we conclude that the officer was justified in making a limited detention of defendant under a reasonable cause stop.
Prom our review of the record, the circumstances did not indicate an intention on Deputy Woods’ part to effect an extended restraint on defendant’s liberty until he was asked, after refusing to submit to field sobriety tests, to enter the Sheriff’s Office. Thus, if probable cause to arrest defendant for driving while intoxicated existed at that point, the evidence relative to the breath test should have been admitted into evidence. We find probable cause existed.
The facts within Deputy Woods’ knowledge were sufficient to justify his belief that defendant had operated his vehicle while intoxicated. Defendant admitted that he was in an accident where the truck he was operating struck the open door of a vehicle in a public park. Defendant entered the parking area of the Sheriff’s Office and improperly parked across the designated parking lanes. Moreover, Deputy Woods personally observed defendant swaying, unable to maintain his balance, belligerent, and having a strong odor of alcohol.
At trial defendant argued that because the officer failed to observe erratic driving and failed to gain indicia of intoxication via a field sobriety test, probable cause was not present. The Louisiana Supreme Court has held that intoxication, with its attendant behavioral manifestations, is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La.1983). Although the officer did not personally view defendant’s truck swerving within and across lanes of traffic, the record establishes that he did possess knowledge from the accident victim that defendant caused the accident, and the officer was able to observe many of the physical traits which the field sobriety tests usually uncover, i.e., lack of balance, belligerence, unsteadiness on his feet, and the presence of the odor of alcohol.
Therefore, we conclude that the trial court erred in ruling that the breath test rights’ form was inadmissible.
DECREE
For the foregoing reasons, the ruling of the trial court excluding the breath test rights’ form is reversed and set aside, and this matter is remanded for trial in accordance with the views expressed in this opinion.
REVERSED AND REMANDED.