130 So.2d 489 (1961)
James R. DILLARD, Plaintiff-Appellee,
v.
CONTINENTAL INSURANCE COMPANY, Defendant-Appellant.
No. 9481.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1961.
Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellant.
Captan Jack Wyly, Lake Providence, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
BOLIN, Judge.
James Dillard, the owner of a Cessna 170 Airplane, brought suit against defendant insurance company for the total loss of his aircraft due to fire. Defendant denied any coverage under the terms of the policy issued to plaintiff and resisted the demands. The lower court awarded judgment in favor of plaintiff for the full policy amount of $5,500 for total loss of the plane, and defendant has appealed. Plaintiff has answered the appeal and again urges his demand for penalties and attorney's fees which were denied by the trial court.
The facts are simple and not in dispute. Plaintiff, on May 31, 1960, took off from *490 Gilliard Airport near Lake Providence, Louisiana, en route to Vicksburg, Mississippi, on a personal mission. His departure time was approximately 4:00 P.M., and shortly after becoming airborne he noticed the odor of smoke about the aircraft and observed that the amp meter was discharging. He checked the electrical system by turning off and on the master electrical switch and concluded the plane was experiencing electrical difficulty.
Under these circumstances, Mr. Dillard performed a power landing on a pipeline right of way which traversed East Carroll Parish, Louisiana. The landing was made safely without any apparent damage to the plane. Upon landing, the plaintiff noticed smoke discharging from the cowling and immediately retreated a safe distance from the plane. As nothing happened, he returned to inspect the craft and found the smoke still billowing from the cowling but saw no flame. As he had no fire fighting equipment, he again retreated a distance of about 200 yards. Thereupon, the plane burst into flame and was completely destroyed by the fire.
Plaintiff testified the time lapse from take off until he noticed the odor of smoke to be four to six minutes. It was also his testimony that approximately eight minutes passed from the time he noticed the difficulty until the time of his final inspection of the plane before the fire broke out.
After his return to Lake Providence, Dillard notified the insurance agency from which he purchased the policy in question. The agency informed defendant herein of the destruction of the plane and after an investigation, defendant insurance company refused payment for the loss on the ground that same was not within the coverage afforded by the policy.
The question of liability resolves itself into one of construction of the policy in question. The appropriate schedule of coverage provides protection against:
"All risks of physical loss or damage to the aircraft, except while in motion under its own power or the resulting momentum, subject to the declarations, general conditions and other terms of the policy included herein or endorsed hereon. Fire or explosion while the aircraft is in motion under its own power or the resulting momentum is not covered hereunder."
It is the position of defendant that even though the destruction of the insured aircraft occurred on the ground, the cause of the fire originated while in flight (i. e., in motion) and the loss is therefore excluded from protection by the terms of the policy. While referring to no Louisiana authorities interpreting the policy language before us, appellant cites 9 A.L.R.2d 581, 582, which contains the following language:
"A policy of insurance against loss of or damage to aircraft may provide coverage for `flight risks' only, or for `ground risks' only, in which event it may become necessary to determine whether the insured craft was or was not in flight at the time of the occurrence of the loss, damage, or critical event."
Defendant maintains the "critical event" occurred "while in motion under its own power" and the loss was not protected by the policy.
Defendant also tenders as support for its position the case of James v. Federal Ins. Co., 5 N.J. 21, 73 A.2d 720. There, plaintiff's claim under a similar policy provision was disallowed. The destruction of the craft insured by defendant was destroyed after an emergency landing in a peat bog whereupon the plane's landing gear collapsed after hitting a mound of dirt. The heat from the bog ignited escaping gasoline and the plane was burned completely. The court held, in relation to the exclusion with which we are concerned, the flight had not ended as there was not a successful landing and, as the policy excluded damage "while in flight", recovery should be denied. The holding in the cited case was additionally predicated on another exclusion *491 clause concerning loss due to crash or collision while in flight; the court being of the opinion that the unsuccessful landing was a "crash while in flight".
The above case is not decisive of the issue before us. There, the basis of the decision was a finding that the plane was still "in flight" under the definition of "flight" contained in the policy. There is no question that the damage in the instant case occurred after the plane had successfully and safely landed and was motionless.
Defendant strenuously argues that the ultimate cause of the fire arose while in flight or "in motion under its own power" and merely culminated after the landing was completed. However, there is no evidence in the record which establishes the moment when the electrical difficulty began. Dillard merely became aware of the trouble while in the air and, as the burden rests with an insurer to prove the facts which bring a contingency within an exclusion clause in a contract of insurance. Holder v. Lockwood, La.App. 2 Cir., 1957, 92 So.2d 768, we are not convinced that the time of origin of the chain of causation has been proved. This is especially doubtful when consideration is given to the short time elapsing from the take off until discovery of the difficulty.
Even if it be conceded that the electrical malfunction first occurred while the plane was in flight, the issue does not necessarily resolve itself in favor of defendant. The New York court, in Acme Flying Service v. Royal Ins. Co., Sup., 83 N.Y.S.2d 740, aff'd without opinion in 275 App.Div. 766, 88 N.Y.S.2d 904, considered a claim under a policy providing:
"All RisksGroundonlyAny direct loss or damage to the aircraft while not in flight."
Plaintiff was allowed recovery for damage resulting from unsuccessful efforts to recover the plane and its remaining in the sea after a crash landing. Defendant therein argued that all of damage was attributable to the flight accident and not covered by the policy. The court held that the plane was not "in flight" under the terms of the policy which defined flight and gave recovery for the damage resulting from the salvage effort. Plaintiff made no claim for the damage caused directly by the crash as it obviously was not covered.
While our research failed to disclose any Louisiana decisions construing the particular provisions of this policy, we think the better reasoned construction of the policy provisions herein presented provides coverage for the loss sustained by plaintiff. The loss was not caused by a peril peculiar to the aircraft while in motion. Moreover, the damage did not occur until the plane had been safely landed and was motionless; nor does the record contain convincing proof that the cause of the destructive fire originated while in flight. Therefore, the "physical loss or damage to the aircraft" did not occur while the aircraft was "in motion under its own power or the resulting momentum" and the loss was covered by the policy.
The record shows the value of the plane when destroyed was equal to the policy limit of $5,500 and the deductible amount does not apply to loss or damage caused by fire. Therefore, the trial judge correctly awarded plaintiff $5,500 for his loss under the policy.
Plaintiff, in his petition to the court below, asked for penalties and attorney's fees for failure to honor the claim. However, the trial judge did not find the action of defendant in refusing to pay arbitrary or capricious in this situation. We concur in this holding as there was good faith difference of opinions as to the coverage afforded.
For the reasons assigned, the judgment is affirmed with appellant to bear all costs.
Affirmed.