REGAN, Judge.
Plaintiff, Porter E. Templeton, instituted this suit against the defendant, his insurer, the Foremost Insurance Company, endeavoring to recover the sum of $2966.28, representing property damage which his Marlette trailer incurred as the result of a fire. Plaintiff also requested the imposition of statutory penalties and attorney’s fees against the defendant who refused to pay the loss he sustained without just cause.
The defendant answered and admitted it insured the plaintiff against fire loss; however, it asserted that the damage was due to an electrical breakdown and the policy specifically excluded coverage therefor.
Then, the insurer instituted a third party action against the trailer manufacturer, Marlette Coach Company, asserting its right to indemnification for any amount in which it might be cast in judgment since the fire was caused by a manufacturing defect. The third party aspect of this litigation was not defended.
From a judgment in favor of the plaintiff against his insurer for $2966.28, the defendant has appealed. The judgment further awarded the third party plaintiff indemnification by the third party defendant in a like amount; however, the third party defendant has not appealed. Plaintiff answered the appeal to reurge his request for penalties and attorney’s fees.
The fundamental question which this appeal has posed for our consideration is whether the trial judge improperly refused to apply the following provision contained in the policy of insurance, which excluded coverage in the event of electrical breakdown :
“This policy does not apply:
ífc ^ *H
“(d) under any of the coverage, to any damage to the automobile which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage is the result of other loss covered by this policy.”
The record reveals that on August 9, 1960, which was within a year after the plaintiff acquired the trailer, he awakened at 5 :30 a. m. and shortly thereafter heard a crackling noise and saw sparks immediately outside his vehicle. He walked out of the trailer to investigate the cause- and in so doing, folded the door against part of the outside shell thereof. He was unable to discover the cause of the disturbance and he left his home about an hour thereafter.
Between 7 and 7:30 that morning, plaintiff’s wife, who was aware of her husband’s earlier observations, saw flashes outside of the trailer and heard crackling noises. She walked outside to investigate and smelled a burning odor and immediately went back into the trailer to remove her baby to a safer place. At this time she noticed that the air conditioner and other electrical appliances were still operating. When she went outside again, she noticed holes in the aluminum shell of the vehicle, many of which were immediately beyond the doorway of the trailer.
Apparently, her husband had folded the door over that part of the trailer where the holes had been burned, which explained his failure to observe them.
At no time did either Mr. or Mrs. Temple-ton see flames; however, the wiring system encased between the inner and outer walls of the vehicle had burned severely, the outside shell had many small holes burned therein and there was a small amount of charred boards on the interior.
Fred J. Galloboro, who has been in the trailer repair business for seven years, *262 examined the trailer after the fire and asserted it was necessary to completely rewire it. He said he was unable to determine the cause of the fire but he did know the wiring system of the trailer had been extensively burned and portions of the outside shell and interior had been damaged by the fire. Although Galloboro would not specifically assign a cause for the fire, he indicated that one factor which caused him to believe it did not occur as the result of an electrical breakdown was that the trailer appliances were operating after the fire had started and, in his opinion, an electrical breakdown would have blown the fuses, which would have completely cut off the trailer’s power.
James D. Pearson, who had been engaged in the trailer parts business for four years, appeared on the defendant’s behalf. He related that he had dispatched one of his employees to repair “a short” in the wiring of the Templeton trailer on the day of the fire. From the existence of a short in the wiring, he concluded that the fire resulted from an electrical breakdown. On cross examination, however, he conceded that the fire could have started first and burned through the wires, thus causing the electrical short.
Therefore, the record does establish that the trailer was damaged by fire but it fails to .reflect the cause or origin thereof.
We are of the opinion that the trial court properly concluded that the insurer was liable for plaintiff’s loss since it failed to establish that the damage to the trailer was the result of an electrical breakdown.
It is a well settled principle of law that an insurer, endeavoring to avoid liability on the theory'that the damage resulted from a contingency which the policy specifically excludes, has the burden of proving as a fact that the loss resulted from a cause for which the policy excludes coverage.[1]
Plaintiff has answered the appeal and urged us to assess statutory penalties and attorney’s fees against the defendant. Since the evidence discloses a good faith difference between the litigants as to whether the policy affords coverage, we find uo merit in plaintiff’s request.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed

. Dillard v. Continental Insurance Company, La.App., 130 So.2d 489.