**UNITED STATES FIRE INSURANCE COMPANY, Appellant,**

v.

**Harold MATCHOOLIAN, Appellee.**

**No. B2121.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 20, 1979.

Rehearing Denied July 11, 1979.

Osborne J. Dykes, III, M. W. Kruse, Jr., Houston, for appellant.

George W. Lederer, Jr., Houston, for appellee.

Before BROWN, C. J., and COULSON and MILLER, JJ.

J. CURTISS BROWN, Chief Justice.

Harold Matchoolian (appellee) sued the United States Fire Insurance Company (appellant) to recover for damages to his building under the terms of an insurance policy issued by that company. After trial to a jury, appellee was awarded the damages sought. Appellant appeals from the trial court's refusal to grant judgment notwithstanding the verdict.

Appellee, the owner of a building which sustained considerable damage during a wind and rain storm, filed suit on an insurance policy which provided as follows:

> This company shall not be liable for loss . . . caused by rain whether driven by wind or not, unless the wind or hail shall first make an opening in the walls or roof of the described building, and shall then be liable only for loss to the interior of the building, or the insured property therein, caused immediately by rain entering the building through such openings . . . .

In his petition appellee stated that

> a tremendous thunderstorm with high velocity winds and heavy rainfall hit the Houston area in general and Plaintiff's property at 3201 Milam in particular. The high winds dislodged portions of the roofing materials, some of which subsequently became lodged in the roof's drain, thereby causing water to accumulate and a portion of the roof . . . to collapse. . . .

Appellee's witness, William Krieg, the contractor who repaired the damaged roof, gave as his expert opinion "excess weight of the water" as the cause of the collapse. His opinion was that wind had blown tar paper loose from the roof and that when the loose tar paper lodged in the roof drain, excess water collected on the roof. A meteorologist testified to high winds, up to 46 miles per hour, and heavy rain, 1.7 inches in a twenty minute span, in the general area.

The insurance company pled the specific exclusion of loss by rain set out above.

This pleaded exclusion raised the issue of coverage. *Travelers Indemnity Co. v. McKillip,* 469 S.W.2d 160, 162 (Tex.Sup. 1971); *Sherman v. Provident American Insurance Co.,* 421 S.W.2d 652 (Tex.Sup.1967). In *McKillip* the insured sought to recover under a windstorm policy on the contention that a windstorm weakened the structure of his building, which subsequently collapsed under the weight of accumulated snow. The court rejected the "dominant or efficient cause test" applied by the court of civil appeals [1] and held that under the policy, when the insurer pled an exclusion, the burden was placed on the insured to establish either that the loss was not caused to any extent by the excluded peril; or to segregate the loss caused by windstorm, the covered peril, from the loss caused by the excluded peril, snow, and to secure a jury finding on the amount of damage caused by the windstorm. "This construction of the exclusionary clause is well settled in Texas." *McKillip, supra; Coyle v. Palatine Insurance Co.,* 222 S.W. 973 (Tex.Com.App. 1920, holding approved with opinion). See also, *Hardware Dealers Mut. Insurance Co. v. Berglund,* 393 S.W.2d 309 (Tex.Sup.1962). In the case before this court, appellee did not attempt to segregate the damage caused by wind from the damage caused by the rain. Having taken this course, it was his obligation to prove that the pleaded exclusion, rain, was not a proximate cause of the collapse of the building. In special issue two the burden was correctly placed on appellee to obtain the finding that rain was not a proximate cause of the loss. In response to that special issue, the jury found that rain was not a proximate cause, as properly defined by the trial court to be a "cause which in a natural and continuous sequence unbroken by any new and intervening cause produces a loss and without which the loss would not have occurred." Appellant urges that rain was established as a matter of law to have been a proximate cause of the loss. Even when we

---

1. Under this test, the insured could recover for losses caused by an excluded peril if the covered peril was found to have been the "dominant or efficient" cause of the loss. *Fidelity Southern Fire Insurance Co. v. Crow,* 390 S.W.2d 788 (Tex.Civ.App.—Waco 1965, writ ref'd n. r. e.).

accept appellee's theory that, by tearing the tar paper loose, wind was a proximate cause of the loss—that the loss would have not occurred but for the wind—we think the evidence shows conclusively as a matter of law that rain was a proximate cause of the loss. *Paulson v. Fire Insurance Exchange*, 393 S.W.2d 316, 318 (Tex.Sup.1965). It is undisputed that the weight of the accumulated rain water resulted in the collapse—that the loss would not have occurred but for the heavy rain. Under the undisputed evidence rain and wind were presented as concurrent causes; and, since no attempt was made to determine the amount of loss caused *solely* by the wind, appellee did not meet the burden of proof imposed by *McKillip, supra*. We therefore reverse the judgment of the trial court and render judgment that appellee take nuthing.

Reversed and rendered.

Judgment reversed and rendered.